UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF MARK PARSONS                )
by and through its Administrators      )
                                        )
c/o John J. Parsons, Co-Administrator  )
100 Clairemont Terrace                  )
Wayne, NJ 07470                         )
                                        )
c/o Mary Lazin, Co-Administrator        )
251 Kelbourne Avenue                    )
Sleepy Hollow, NY 10591                 )
                                        )
and                                     )
                                        )
MARY LAZIN                              )
251 Kelbourne Avenue                    )
Sleepy Hollow, NY 10591                 )
                                        )
and                                     )
                                        )
JOHN J. PARSONS                         )
100 Clairemont Terrace                  )
Wayne, NJ 07470                         )
                                        )
                                        )
and                                     )
                                        )
CATHERINE TYOKODY                       )
8 Malcolm Street                        )
Waldwick, NJ 07463                      )
                                        )
                                        )
and                                     )
                                        )
ESTATE OF AGNES PARSONS                 )
By and through its Administrator        )
                                        )
c/o John J. Parsons, Co-Administrator   )
100 Clairemont Terrace                  )
Wayne, NJ 07470                         )
                                        )
c/o Mary Lazin, Co-Administrator        )
251 Kelbourne Avenue                    )
Sleepy Hollow, NY 10591                 )

1

```
                                              )
and                                           )
                                              )
ESTATE OF JOHN W. PARSONS                     )
By and through its Administrator              )
                                              )
c/o Mary Lazin, Administrator                 )
251 Kelbourne Avenue                          )
Sleepy Hollow, NY 10591                       )
                                              )
                                              )
               Plaintiffs,                    )
          v.                                  )
                                              )
THE PALESTINIAN AUTHORITY (a.k.a.             )
"THE PALESTINIAN INTERIM SELF-                )
GOVERNMENT AUTHORITY")                        )
1320 18th Street, N.W.                         )
Suite 200                                     )
Washington, DC  20036                         )
                                              )
and                                           )
                                              )
THE PALESTINIAN LIBERATION                    )
ORGANIZATION (a.k.a. "PLO")                   )
1320 18th Street, N.W.                         )
Suite 200                                     )
Washington, DC  20036                         )
```

## COMPLAINT

### INTRODUCTION

1.    This action is brought pursuant to federal counterterrorism statutes, Antiterrorism Act

of 1991, 18 U.S.C. §§2331 *et seq.,* and supplemental causes of action by the Estate, survivors and

heirs of Mark Parsons, a United States citizen, who was murdered by the terrorist acts of the

Defendants on October 15, 2003  in the Gaza Strip, Israel, for damages directly and proximately

caused by the Defendants to Plaintiffs, and each of them, by reason of acts of unlawful international

terrorism, as defined in 18 U.S.C. §2331, and by reason of related unlawful tortious behavior and

conduct entitling the Plaintiffs, and each of them, to an award of damages as shall be proven at the trial of the within action.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter and over Defendants pursuant to 18 U.S.C. §2333 and §2334 and the rules of supplemental jurisdiction.

3. The District Court for the District of Columbia is the proper venue pursuant to 18 U.S.C. §2334(a) since Defendants' the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), maintain offices, agents, representatives, and conduct business in this District.

## PARTIES

3.      Plaintiff the Estate of Mark Parsons, a Passaic County, New Jersey, estate, is represented in this action by its duly appointed by said court as the Administrators of said Estate.

4.      Plaintiffs Mary Lazin, John J. Parsons and Catherine Tyokody are the siblings of Mark Parsons and are each citizens of the United States of America. The murder of their brother Mark has caused Mary, John and Catherine severe mental anguish, pain and suffering, trauma and extreme emotional distress, all to their damage.

5.      Plaintiffs Agnes Parsons and John W. Parsons at all times relevant hereto are and were the natural parents of the deceased, Mark Parsons. The murder of their son caused John W. and Agnes Parsons severe mental anguish, pain and suffering, trauma and extreme emotional distress, all to their damage. Agnes Parsons and John W. Parsons are both now deceased and this action is brought by and on behalf of both of their estates, by and through their duly court appointed Administrators.

6.      Defendant THE PALESTINIAN AUTHORITY, also known as THE PALESTINIAN INTERIM SELF-GOVERNMENT, and the PALESTINIAN NATIONAL AUTHORITY (hereinafter "PA") is and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3),

established by and existing under and by virtue of international instruments, customary international

law and local law, in *de jure* and *de facto* control of territories in the Gaza Strip and in the West

Bank.  The PA maintains offices and has designated agents in, and can be sued in, the United States

District Court situated in the District of Columbia, United States of America.  The PA is not a nation-

state or official foreign government immune from prosecution in the United States of America,

notwithstanding the role which the PA plays on behalf of the Palestinian people residing in the

Palestinian territories which lie between the countries of Israel, Lebanon, Syria, Jordan, Egypt and

the Mediterranean Sea ("the Palestinian territories").

9. Defendant THE PALESTINE LIBERATION ORGANIZATION (hereinafter "PLO") is,

and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3), in *de jure* and

*de facto* control of defendant PA, and its agencies and instrumentalities, by virtue of being party to

and beneficiary of the international instruments by which defendant PA was established.  The PLO

maintains offices and designated agents in, and can be sued in the United States District Court

situated in the District of Columbia, United States of America.   The PLO is an organization which is

not a nation-state or official foreign government immune from prosecution in the United States of

America, notwithstanding the role which the PLO has heretofore played and/or currently plays on

behalf of the Palestinian people residing in the Palestinian territories.

## STATEMENT OF FACTS

10. At all times relevant hereto, Defendants PA and PLO were in *de jure* and *de facto* control

of territories in the Gaza Strip and the West Bank.

11. At all times relevant hereto, Defendants PA and PLO through the Palestinian Preventive

Security apparatus, maintained in the Gaza Strip and elsewhere, factories and workshops established

for the sole purpose to produce hundreds of mortar bombs, explosive charges, rifle grenade

launchers, rockets and other weapons and instrumentalities of terrorism.

12. The Palestinian Preventive Security apparatus is an entity which at all times relevant hereto was under the direct control of the PA and PLO and was initially established by the PA and PLO to prevent hostilities and acts of terrorism.

13. These arms produced by the Palestinian Preventive Security apparatus were distributed in an ongoing and generous manner to the various terrorist organizations, including, but not limited to, Popular Resistance Committees, Hamas, Palestinian Islamic Jihad, which used the arms for daily terrorist attacks against targets in the various sectors of the Gaza Strip. At all times relevant hereto, the Popular Resistance Committees was believed to be an association of other terrorist organizations such as Hamas, Palestinian Islamic Jihad, Al-Aqsa Martyrs Brigades and other terrorists organizations which conducted coordinated terrorist attacks.

14. On October 15, 2003, Mark Parsons and two other DynCorp employees were part of a security detail escorting diplomats of the United States government on their way to interview Palestinian applicants for Fulbright scholarships when the vehicle in which they were riding was blown up by a terrorist placed remote controlled bomb near the Beit Hanoun junction in northern Gaza, killing Mark Parsons and the two other DynCorp employees.

15. The attack that murdered Mark Parsons was an act of international terrorism which was committed, upon information and belief, by the Popular Resistance Committees or some other involved terrorist organization(s) (collectively "The Terrorists").

16. Upon information and belief, the bomb used in the terrorist attack which killed Mark Parsons was made at and by Palestinian Preventive Security apparatus in one of their Gaza Strip factories and was provided to the Terrorists by the defendants PA and PLO, through the Palestinian Preventive Security apparatus.

17. Upon information and belief, the attack which killed Mark Parsons was an attack which was intended to directly target the United States, by attacking citizens and representatives of the United States acting in Gaza on behalf of the United States government.

18. At an unknown date or dates prior to October 15, 2003, agents of the Defendants illegally and with evil intent conspired, planned and made preparations to (a) manufacture and distribute bombs to be used in terrorists attacks, and (b) to carry out a road-side bombing attack on the vehicle caravan, including their American security detail, that was carrying U.S. diplomats in the Gaza Strip.

19. Defendants PA and PLO, directly or by virtue of their positions, are authorized and responsible, under international instruments, customary international law and local law applying in the West Bank and Gaza Strip, to exercise law enforcement powers and to maintain public order and security in the territories under their control and responsibility.

20. At all times relevant hereto, Defendants PA and PLO, by and through their representatives, officials, employees and agents operated, maintained, managed, supervised and controlled various police forces, militias, paramilitary forces, intelligence services, law enforcement personnel, jails and penal institutions in the territories under their control and area of responsibility.

21. During the period relevant hereto, terrorist organizations, including, but not limited to, the Popular Resistance Committees, Hamas, and the Palestinian Islamic Jihad, operated from territories controlled by Defendants PA and PLO. The PA and PLO working together with terrorist groups such as the Popular Resistance Committees, Hamas, Palestinian Islamic Jihad and others advocated, encouraged, solicited, facilitated, incited for, sponsored, organized, planned and executed acts of violence, murder and terrorism against civilians and other innocent persons living, working, traveling or otherwise being in Israel, Gaza and the West Bank. During the period relevant hereto, the Popular Resistance Committees, Hamas, Palestinian Islamic Jihad and the other terrorist groups

carried out scores of terrorist attacks, murdering hundreds of innocent civilians, including Americans, and injuring thousands more, including but not limited to, the murder of Mark Parsons.

22. During the period relevant hereto, the government of the United States, the Congress of the United States and the government of the State of Israel, as well as others in the international community have repeatedly demanded from Defendants PA and PLO that they take effective measures to prevent every terrorist attack by terrorist organizations and groups operating within the Palestinian territories.

23. On the contrary, at all times relevant hereto, Defendants PA and PLO, by and through their officials, employees and agents acting within the scope and course of their employment and agency, pursuant to authorization and instructions of Defendants PA and PLO and in furtherance of the goals and purposes of Defendants PA and PLO, provided these terrorists organizations with weapons, instrumentalities, permission, training, and funding for their terrorist activities and further provided the terrorists with safe haven and a base of operations, by permitting and/or encouraging terrorists to operate freely and conduct activities in the territory under their control or in which they maintained a police security presence, and to advocate, encourage, solicit, facilitate, incite for, sponsor, organize, plan and execute acts of violence, murder and terrorism against innocent civilians residing, working or visiting in Israel, Gaza Strip and the West Bank.

24. At all times relevant hereto, Defendants PA and PLO and their officials, employees and agents knew that terrorists had committed hundreds of serious offenses against the United States, including the murder of U.S. citizens and that terrorist groups including, the Popular Resistance Committees, Hamas, and Palestinian Islamic Jihad and that their individual terrorist members planned to continue committing such offenses.

25. At all times relevant hereto, Defendants PA and PLO openly and consistently sheltered and received, relieved, comforted, paid, rewarded and assisted terrorist groups, including, the Popular

Resistance Committees, Hamas, Palestinian Islamic Jihad, and their operatives, agents,

representatives and members within the meaning of 18 U.S.C §3,

26. At all times relevant hereto, Defendants PA and PLO and their officials, employees and

agents knew that terrorists organizations, such as the Popular Resistance Committees, Hamas and

Palestinian Islamic Jihad, had committed hundreds of serious offenses against the United States,

including, the murder of U.S. citizens, and that the Popular Resistance Committees, Hamas and the

Palestinian Islamic Jihad, planned and still plan to continue committing such offenses, yet

Defendants PA and PLO openly and consistently provided these terrorist groups and their members

with weapons, bombs, safe haven, a base of operations, shelter, financial support, encouragement,

permission and other material support and resources within the meaning of 18 U.S.C. §2339A.

27. Additionally, Defendants PA and PLO and their officials, employees and agents solicited,

encouraged, permitted and advised the Popular Resistance Committees, Hamas and the Palestinian

Islamic Jihad and their members to commit the terrorist attack described herein and further aided,

abetted, authorized, ratified, encouraged, permitted and participated in those acts, including

providing the actual bomb manufactured in the bomb-making factory of the PA and PLO.

28. The acts and omissions of Defendant PA and PLO described herein were committed by

and through their officials, employees and agents acting within the scope and course of their

employment and agency, with the authorization and ratification, and pursuant to the instructions of

Defendants PA and PLO, and in furtherance of the goals, directives, policies and purposes of

Defendants PA and PLO, who acted and acts in various official and individual capacities at all times

mentioned herein.

**COUNT ONE**
**AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS**
**INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C §2333**

29. The proceeding paragraphs are incorporated by reference as though fully set forth herein.

30. Defendants acts constitute a violation of the criminal laws of the United States and of the several States, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several States.

31. The acts of Defendants PA and/or PLO acting in concert with terrorist organizations, such as the Popular Resistance Committees, Hamas and the Palestinian Islamic Jihad and their members, constitute, *inter alia*, without limitation violations of 18 U.S.C. §2332 (Homicide of a U.S. National Outside the United States).

32. The acts of Defendants PA and PLO, and if committed within the jurisdiction of the United States, would constitute, *inter alia*, without limitation, violations of 18 U.S.C. §2339A (Providing Material Support to Terrorists) and 18 U.S.C. §3 (Accessory Before and/or After the Fact).

33. The acts of Defendant PA and PLO "appear to be intended to intimidate or coerce a civilian population," and "to influence the policy of a government by intimidation or coercion", with the meaning of 18 U.S.C. §2331, because at all times relevant hereto, these Defendants, themselves and through their respective representatives, spokesmen and organs: repeatedly praised, lauded, encouraged, enabled and supported terrorist organizations, including, but not limited to, the Popular Resistance Committees, Hamas and the Palestinian Islamic Jihad and their operatives who engaged in acts of terrorism, murder and violence against civilians and U.S. and Israeli targets; praised, advocated, encouraged, enabled, solicited and incited for such terrorist acts; and threatened and encouraged the further occurrence of such terrorist acts.

34. Defendants' acts were dangerous to human life, by their nature and as evidenced by their consequences.

35. Defendants' acts occurred outside the territorial jurisdiction of the United States.

36. Defendants' actions constitute acts of international terrorism as defined in 18 U.S.C. §§ 2331 and 2333. Defendants' behavior also constitutes conspiring to aid and abet, and actual aiding and abetting acts of international terrorism.

37. By reason and solely as a result of the acts of international terrorism and the aiding and abetting of acts of international terrorism committed by Defendants, and Mark Parsons was murdered, thereby causing the decedent and his Estate and each of the Plaintiffs severe and permanent injury, including, but not limited to, mental anguish, pain and suffering; loss of pecuniary support; loss of income; emotional distress; loss of society, companionship, consortium and/or loss of solatium, thereby entitling each of them to damages to the maximum extent allowed by laws as shall be proved at the trial of this action.

38. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

## COUNT TWO

## CONSPIRACY TO COMMIT MURDER AND ATTEMPTED MURDER OF UNITED STATES CITIZENS IN VIOLATION OF 18 U.S.C. §§ 2332(b) and 2333

39. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

40. All of the Plaintiffs have been injured in his or her person, property or business by reason of international terrorism.

41. The acts of international terrorism set forth herein are extreme and outrageous and were committed with the knowledge of, and intention to, cause extreme physical pain, suffering, mental anguish and emotional distress to any and all persons within the close proximity of the attack and extreme emotional distress to the family members of those who were injured or killed by reason of those acts.

42. The PA and PLO knowingly joined a conspiracy by which it knowingly and intentionally agreed to combine with other persons to act unlawfully in the manner set forth in this

complaint. It committed overt acts in furtherance of the conspiracy, including, but not limited to, the manufacture and distribution of bombs used in terrorist attacks designed to murder and injure innocent civilians. Plaintiffs have suffered harm by reason of the conspiracy. The PA and PLO provided extensive support, both financial and material and other support to organizations and its agents that it knew to be terrorist organizations as part of this common scheme.

43.    The PA and PLO knowingly and purposefully agreed to provide financial resources, bombs, weapons, encouragement, aid, support and administrative services for the Popular Resistance Committees, Hamas and the Palestinian Islamic Jihad, and other terrorist organizations with the knowledge, and for the purpose, that such services facilitate the activities of its leaders and support terrorist activities pursuant to a common scheme to enable, support and encourage acts of terrorism. The PA and PLO's actions, in fact, facilitated the scheme because, as set forth more fully above, but for the actions of the PA and PLO and bomb-making factory of the Palestinian Security Services apparatus, the terrorist acts which killed Mark Parsons would have been substantially more difficult to implement or would not have occurred. The PA and PLO has acted in concert with others, as describe herein, to commit illegal acts as part of its agreement to inflict a wrong or injury against innocent civilians, all to their damage.

44.    Because it conspired with the Popular Resistance Committees, Hamas, the Palestinian Islamic Jihad and other terror organizations to support, encourage and facilitate violations of 18 U.S.C. § 2332(b) that have killed or injured the Plaintiffs, the PA and PLO are liable to Plaintiffs, and each of them, pursuant to 18 U.S.C. § 2333 for the damages that Plaintiffs sustained.

## COUNT THREE

### PROVIDING MATERIAL SUPPORT TO TERRORISTS
### IN VIOLATION OF 18 U.S.C. § 2339A

45.   Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

46.   The weapons, bombs, safe haven, financial and administrative services that the PA and PLO knowingly provided to the terrorists, such as the Popular Resistance Committees, Hamas, the Palestinian Islamic Jihad and other terrorist organizations, their agents and alter egos, provides material support to the preparation and carrying out of numerous acts of international terrorism which have caused direct injury to the Plaintiffs.

47.   By virtue of its violations of 18 U.S.C. § 2339A, defendants PA and PLO are liable pursuant to 18 U.S.C. § 2333 for any and all damages that Plaintiffs have sustained as a result of such injuries.

## COUNT FOUR
### COMMITTING ACTS OF INTERNATIONAL TERRORISM
### IN VIOLATION OF 18 U.S.C. § 2339B(a)(1)

48.   Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

49.   Defendants PA and PLO have provided material support to Foreign Terrorist Organizations in violation of 18 U.S.C. §§ 2339B(a)(1).

50.   An organization that knowingly provides material support of this kind, directly or indirectly, to a foreign or other terrorist organization, such as the Popular Resistance Committees, Hamas, the Palestinian Islamic Jihad and their related entities, is secondarily liable for all of the foreseeable acts committed by the terrorist organizations.  The PA/PLO is therefore liable for the injuries and deaths described herein.

51.     Because it committed violations of 18 U.S.C. § 2339B, Defendant PA/PLO is liable pursuant to 18 U.S.C. § 2333 for all damages that Plaintiffs have sustained as a result of such injuries.

**COUNT FIVE**
**AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52. The preceding paragraphs are incorporated by reference as though fully set forth herein.

53. Pursuant to 28 U.S.C. §1367, Plaintiffs may bring supplemental causes of action.

54. Defendants' conduct was willful, outrageous, was dangerous to human life and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

55. Defendants' conduct was intended and did terrorize the Plaintiffs and caused them egregious emotional distress.

56. The acts and omissions of Defendants PA and PLO as described herein were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the authorization and ratification and pursuant to the instructions of Defendants PA and PLO, and in furtherance of the goals and purposes of Defendants PA and PLO. Defendants PA and PLO are therefore vicariously liable for the acts and omissions of their officials, employees, agents and representatives.

57. By reason and as a result of Defendants' intentional behavior described herein Mark Parsons was murdered, thereby causing the decedent and his Estate and each of the Plaintiffs severe and permanent injury, including, but not limited to, mental anguish, pain and suffering; loss of pecuniary support; loss of income; emotional distress; loss of society, companionship,

13

consortium and/or loss of solatium, thereby entitling each of them to damages to the maximum extent allowed by law as shall be proved at the trial of this action.

58. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs.

## COUNT SIX
## AGAINST ALL DEFENDANTS AS TO ALL PLAINTIFFS
## PUNITIVE DAMAGES

59. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

60. The actions of Defendants PA and PLO, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mark Parsons' human rights and physical well being. The act that murdered Mark Parsons were facilitated by, funded by, encouraged, enabled and/or supported by Defendants PA/PLO.

61. The Defendants PA and PLO are therefore directly and/or vicariously liable for the murder of Mark Parsons.

62. In providing such weapons, bombs, safe haven, funding, direction and/or training, Defendants the PA and PLO, rendered material support to those actually carrying out the acts hereinabove described. The Plaintiffs and each of them are accordingly entitled to an award of punitive damages against each and every one of said Defendants, and same is hereby requested against the Defendants, jointly and severally, in accordance with the provisions of 28 U.S.C., § 2333 making any national of the United States injured or murdered by an act of international terrorism entitled to punitive damages in the amount of threefold damages.

63. The award of punitive damages, as requested and to which the Plaintiffs are entitled, is to punish the Defendants for their conduct in supporting terrorism and the terrorist murderous acts described herein, and to send a message to them and others that the United States of America and its

citizens, will not stand for, will not lie down for, and will not ignore any or all acts of terrorism, murder and/or injury such as was committed by the Defendants as more particularly described herein.

**64.**    The Plaintiffs are accordingly entitled to Punitive Damages being threefold the amount awarded, as punishment against the Defendants, jointly and severally, for their gross, malicious, wanton, reckless and unlawful conduct as described herein which resulted in the tragic murder of Mark Parsons all to the damage to each of the Plaintiffs.

**WHEREFORE,** Plaintiffs requests and demands judgment be entered against the Defendants and each of them as follows:

1.  Judgment against the Defendants, jointly and severally, for the damages to which Plaintiffs are each entitled under the laws of the United States of America in amounts as shall be proven at trial.

2.  Judgment against Defendants, jointly and severally, for threefold the damages and to which each and all of the Plaintiffs may be and are entitled under applicable law, all in  amounts to be determined at trial.

3.  Judgment against the Defendants, jointly and severally, for all costs expended herein.

4.  Judgment against the Defendants, jointly and severally, for reasonable attorneys fees incurred incident hereto.

5.  Interest thereon at the legal rate from date of judgment until paid in full.

6.  Judgment against Defendants, jointly and severally, for any and all other relief to which Plaintiffs may be entitled.

7.  A trial by jury on all issues so triable.

8.  Leave of Court to amend this Complaint and conform the pleadings to the proof and evidence in the within action, all as the interests of justice may require.

October 12, 2007

Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK P.C.
1146 19th Street, 5th Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999
Email:  attorneys@hnklaw.com

By:___/s/ Richard D. Heideman_____
         Richard D. Heideman (No. 377462)
         Noel J. Nudelman (No. 449969)
         Tracy Reichman Kalik (No. 462055)


Of Counsel

THE PERLES LAW FIRM, P.C.
Steven R. Perles, Esq. (No 326975)
1146 19th Street, 5th Floor
Washington, DC  20036
Telephone: 202-745-1300
Telefax:    202-365-4815

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Estate of Mark Parsons, by and through its Administrators, Mary Lazin, John J. Parsons, Catherine Tyokody, Estate of John W. Parsons, by and through its Administrator and Estate of Agnes Parsons, by and through its Administrator | The Palestinian Authority and The Palestinian Liberation Organization |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)    *88888*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) —————
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard D. Heideman
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW  5th Floor
Washington, DC  20036
202-463-1818

Case: 1:07-cv-01847
Assigned To : Robertson, James
Assign. Date : 10/12/2007
Description: PI/Malpractice

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ◉ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiffs bring this cause of action pursuant to 28 U.S.C. 2331 et seq. and supplemental causes of action for personal injury damages.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ to be determined at trial   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   10/12/07   SIGNATURE OF ATTORNEY OF RECORD   *Richard D. Heideman*

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.