IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF MARK PARSONS, by and through  :
its Administrators, et al.
                                        :
        Plaintiffs,                     :   Civil No. 07-cv-1847 (JR)
                                        :
        v.                              :
                                        :
THE PALESTINIAN AUTHORITY, et al        :
                                        :
        Defendants.                     :
                                        :

## NOTICE OF RECENT DECISION

Plaintiffs, by and through counsel, hereby give Notice and attach hereto the recent decision the matter of <u>Estate of Esther Klieman, et al. v. Palestinian Authority, et al.</u> CA-04-1185(PLF), 2008 WL 1776697 (2008 D.D.C.) and the unreported decision entered on April 24, 2008, denying defendants' Motion for Reconsideration in that same matter, <u>Klieman,</u> and shown on the <u>Klieman</u> docket as Entry #85, as relevant to the matters that are before this Court on Defendants' Motion to Dismiss.

Dated: May 2, 2008            Respectfully submitted,

                              HEIDEMAN NUDELMAN
                                & KALIK, P.C.
                              1146 19th Street, N.W.
                              Fifth Floor
                              Washington, DC  20036
                              Telephone: 202-463-1818
                              Telefax: 202-463-2999

                              By: /s/ Richard D. Heideman
                                  /s/ Tracy Reichman Kalik
                                  Richard D. Heideman (No. 377462)
                                  Noel J. Nudelman (No. 449969)
                                  Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister
1146 19th Street, NW
Fifth Floor
Washington, DC  20036
Telephone: 202-955-9055
Telefax:    202-745-1858

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of May, 2008 a true and accurate copy of the foregoing Notice of Recent Decision, was served via the U.S. District Court for the District of Columbia's ECF filing system on counsel of record for the defendants:

Richard A. Hibey
Mark J. Rochon
Laura G. Ferguson
Matthew T. Reinhard
MILLER & CHEVALIER CHTD.
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701

_/s/ Tracy Reichman Kalik_

## Westlaw.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)  
(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)

Page 1

H  
Estate of **Klieman** v. Palestinian Authority  
D.D.C.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,District of Columbia.  
ESTATE OF Esther **KLIEMAN**, et al., Plaintiffs,  
v.  
PALESTINIAN AUTHORITY, et al., Defendants.  
Civil Action No. 04-1173 (PLF).

April 18, 2008.

Noel Jason Nudelman, Richard D. Heideman, Tracy Reichman Kalik, Heideman Nudelman & Kalik, P.C., Steven R. Perles, Perles Law Firm, P.C., Washington, DC, for Plaintiffs.  
Charles Francisbenedict McAleer, Jr., Mark J. Rochon, Richard A. Hibey, Miller & Chevalier, Chartered, Washington, DC, for Defendants.

*OPINION*

PAUL L. FRIEDMAN, District Judge.  
*1 The estate, survivors and heirs of Esther Klieman, a United States citizen, have brought this action under Section 2333 of the Antiterrorism Act of 1991 ("ATA"), 18 U.S.C. §§ 2331 *et seq.*, and various tort theories, against the Palestinian Authority (the "PA"), also known as the Palestinian Interim Self-Government Authority and the Palestinian National Authority; the Palestine Liberation Organization (the "PLO"); Al Aqsa Martyrs Brigade ("Al Aqsa"); Fatah; Tanzim; Force 17; Yasser Arafat, now deceased; Marwan Barghouti; Tamer Rassam Salim Rimawi; Hussam Abdul-Kader Ahmad Halabi, also known as Abu Arav; Ahmed Hamad Rushdie Hadib, also known as Ahmed Barghouti; and Annan Aziz Salim Hashash.[FN1] On March 30, 2006, the Court issued an Opinion and an Order denying defendants' first motion to dismiss and granting plaintiff's partial motion for summary judgment. *See Klieman v. Palestinian Auth'y,* 424 F.Supp.2d 153 (D.D.C.2006) ("*Klieman I*"). On December 29, 2006, the court issued an Opinion and Order holding that service of process was ineffective to establish personal jurisdiction over defendants and granting plaintiffs 30 days to perfect service, after which the action would be dismissed if service was not effected. *See Klieman v. Palestinian Auth'y,* 467 F.Supp.2d 107 (D.D.C.2006) ("*Klieman II*").

> FN1. The ATA claim appears in Count One of the complaint. The common law tort theories, pled pursuant to 28 U.S.C. § 1367, are negligence, gross negligence, and intentional and negligent infliction of emotional distress (Counts Two through Five), as well as similar causes of action under Israeli law (Counts Six through Eight). Plaintiffs also assert a claim for punitive damages (Count Nine).

To summarize, in *Klieman I* the Court held that: (1) collateral estoppel precluded the relitigation of the issues surrounding defendants' assertion of sovereign immunity and that sovereign immunity does not divest this Court of jurisdiction to hear this case, *see Klieman I* at 159; (2) judicial resolution of this case was not precluded by the political question doctrine, *see id.* at 162; (3) the attack alleged in the Complaint did not occur "in the course of" an armed conflict and therefore was not an "act of war" outside of the jurisdiction of the ATA, *see id.* at 167; and (4) whether the attack at issue met the definition of "international terrorism" in the ATA involved a disputed question of material fact which should not be decided by the Court in the context of a motion to dismiss. *See id.* In that Opinion, the Court also granted defendants leave to "raise additional jurisdictional defenses by motion."*Id.* at 168.

In *Klieman II* the Court held that service of process on a researcher at the PLO offices in Washington, D.C., was ineffective to establish personal jurisdiction over the defendants. *See Klieman II* at 115. The Court granted the plaintiffs an additional 30 days from the date of the Opinion and Order to serve

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)  
**(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)**

Page 2

process upon the defendants. *See id.*

This matter is now before the Court on defendants' third motion to dismiss.[FN2] Defendants move to dismiss for lack of personal jurisdiction due to insufficient service of process on both the individual and the organizational defendants under the Court's Opinion in *Klieman II*.[FN3] For the reasons discussed below, the Court concludes that the PLO and PA were properly served but that the individual defendants and Fatah, Al Aqsa, Tanzim and Force 17 were not properly served. The Court thus dismisses the individual defendants and Fatah, Al Aqsa, Tanzim and Force 17 from this case.

> FN2. The briefs submitted with respect to this motion include: Defendants' Motion for Dismissal of Plaintiff's Claims Pursuant to Fed.R.Civ.P. 4(m) and 12(b) ("Mot."); Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Third Motion to Dismiss ("Opp."); Defendants' Supplemental Memorandum of Points and Authorities in Support of their Third Motion to Dismiss ("Defs' Supp."); and Plaintiffs' Supplemental Memorandum of Points and Authorities in Opposition to Defendants' Supplemental Memorandum in Support of their Third Motion to Dismiss)("Pls' Supp.").

> FN3. The PLO and the PA also argue, again, that there are insufficient "minimum contacts" to satisfy due process. *See* Mot. at 2-6. These arguments are also the subject of a pending motion for reconsideration, and will be addressed in a separate opinion.

I. BACKGROUND

*2 The Court summarized the facts alleged in the complaint in each of its two earlier opinions and will not do so again here. *See Klieman I* at 155-56 and *Klieman II* at 110-11.

After the Court issued its second opinion, plaintiffs did not attempt to serve process on any of the individual defendants. Plaintiffs assert that they "served the Organizational Defendants by mailing the service documents to the PLO/PA offices in Washington, DC by prepaid United States first class certified mail, return receipt requested" and "by personal service on Afif Emile Safieh, head of the PLO Mission to the United States."Opp. at 4. Plaintiffs submitted an Affidavit of Proof of Service from process server Faye N. Eisen, which appended six certified mail return receipts, with respect to the PA, the PLO and the four other organizational defendants. *See* Opp., Ex. A at 6-12. Peter Ormin of the PLO Mission in Washington, D.C., signed all six certified mail return receipts, indicating that he received the service documents for each organizational defendant at the PLO Mission on January 12, 2007. *See id.* Plaintiffs also filed six Affidavits of Process Server, with respect to the PA, the PLO and the four other organizational defendants. *See* Opp., Ex. B at 15-20. The process server avers in each Affidavit that he approached Mr. Safieh at his residence and "asked [Mr. Safieh] if he was head of the PLO Mission" to which Mr. Safieh replied "yes." *See id.* The process server informed Mr. Safieh that he (the process server) "had U.S. District Court summons and related documents for the Palestinian Liberation Organization, The Palestinian Authority, Al Aqsa Martyrs Brigade, Fatah, Force 17, and Tanzim," after which Mr. Safieh replied, according to the process server, "that he was authorized to accept them and took them in hand."*Id.* Mr. Safieh flatly denies that he said this. *See* Defs' Supp., Ex. A (Declaration of Afif Safieh) ¶¶ 12, 13 ("I never told the man who served me with the papers that I was authorized to accept the papers"; "I do not represent or serve as an agent for AAMB, Fatah, Force 17, or Tanzim.").

Plaintiffs aver that "the PA/PLO considers Mr. Safieh to be the United States 'represent[ative of] the [Palestinian] state in the making' and held him out to the public as such."Opp. at 10. Plaintiffs also submitted printed pages of the PLO Mission web-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)

Page 3

site, identifying the PLO Mission as "the official voice of Palestine in Washington" and Mr. Safieh as "Head of the PLO Mission in Washington."*See* Opp., Ex. C at 22-26. Plaintiffs assert that "[by] serving the PA/PLO, the Plaintiffs served all of the Organizational Defendants because Fatah, Al Aqsa, Tanzim and Force 17 form an unincorporated association with the PLO and PA." Opp. at 6. Defendants concede that Safieh "is authorized to receive service of process in matters concerning the PLO" but deny that process was properly effected with respect to the PA and the four other organizational defendants. *See* Mot. at 4-5.[FN4] Because plaintiffs did not serve the six individual defendants named in the Complaint, defendants assert that these defendants are "entitled to dismissal from the case."Mot. at 2.

> FN4. New counsel for the PA and the PLO have represented to the Court that they do not represent these four entities. Counsel, however, have briefed this issue. The Court will consider the issue as briefed because it affects the jurisdiction of the Court, regardless of whether or not these entities are represented by counsel.

II. DISCUSSION

*A. Applicable Legal Standards*

*3 As the Court previously noted, plaintiffs bear the burden of establishing personal jurisdiction over each defendant. *See GTE New Media Services, Inc. v. Ameritech Corp.,* 21 F.Supp.2d 27, 36 (D.D.C.1998), *remanded on other grounds sub nom GTE New Media Services, Inc v. BellSouth Corp.,* 199 F.3d 1343 (D.C.Cir.2000). In order to meet its burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations. *See id.*Nor can plaintiffs aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any single defendant. *See Rush v. Savchuk,* 444 U.S. 320, 331-32 (1980) (rejecting aggregation of co-defendants' forum contacts in determining personal jurisdiction because "the requirements of *International Shoe* must be met as to each defendant over whom a ... court exercises jurisdiction"). Furthermore, when considering personal jurisdiction, the Court need not treat all of the plaintiffs' allegations as true. Instead, the court "may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts."*Jung v. Assoc. of Amer. Medical Colleges,* 300 F.Supp.2d 119, 127 (D.D.C.2004) (quoting *United States v. Philip Morris Inc.,* 116 F.Supp.2d 116, 120 n. 4 (D.D.C .2000)); *see also Brunson v. Kalil & Co.,* 404 F.Supp.2d 221, 223 (D.D.C.2005).

Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. *See Omni Capital Int'l v. Rudolph Wolff & Co.,* 484 U.S. 97, 104 (1987); *Cambridge Holdings Group v. Federal Insurance Co.,* 489 F.3d 1356, 1361 (D.C.Cir.2007). There must also be a constitutionally sufficient relationship between the defendant and the forum, and a basis for the defendant's amenability to service of summons. *See Mwani v. Bin Laden,* 417 F.3d 1, 8 (D.C.Cir.2005); *Ungar v. Palestinian Authority,* 304 F.Supp.2d 232, 249 (D.R.I.2004). These requirements stem from the Due Process Clause of the Constitution and are a restriction on judicial power as a matter of individual liberty. *See Omni Capital Int'l v. Rudolph Wolff & Co.,* 484 U.S. at 104.

Plaintiffs now assert that the six organizational defendants were properly served pursuant to Rules 4(h)(1) and 4(e)(1) of the Federal Rules of Civil Procedure and Rules 4(c)(3) and 4(h) of the D.C. Rules of Civil Procedure. *See* Opp. at 10. According to Rule 4(h) of the Federal Rules of Civil Procedure, "a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)  
(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)

Page 4

United States ... in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process...."FED.R.CIV.P. 4(h).Rule 4(e)(1) provides that one way service may be effected is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"FED.R.CIV.P. 4(e)(1).Rule 4(c)(3) of the D.C. Rules of Civil Procedure provides that service in Washington, D.C., upon an unincorporated association as described in Rule 4(h)"may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered mail, return receipt requested."D.C.R. CIV. P. 4(c)(3).

*B. Analysis*

1. Individual Defendants

*4 Plaintiffs acknowledge that the six individual defendants in this case have not been served with process. The Court granted the plaintiffs an additional 30 days from the date of *Klieman II* to properly serve process upon the individual defendants. The Court indicated that the plaintiffs' failure to comply with this Order would result in the dismissal of the individual defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Because plaintiffs failed to serve the individual defendants, defendants argue that "the individual defendants are ... entitled to dismissal from the case in accordance with [*Klieman II* ]'s direction, at p. 8." Mot. at 2; *see also* Defs' Supp. at 5. The Court agrees. Moreover, Local Civil Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such memorandum is not filed within the prescribed time, the court may treat the motion as conceded."L. CIV. R. 7(b). Plaintiffs did not oppose defendants' argument with regard to service on the individual defendants. *See generally* Opp. Nor did they attempt to serve the individuals. Accordingly, the Court will dismiss without prejudice all six individual defendants from this case. *See*FED.R.CIV.P. 4(m).

2. The PLO and the PA

The Court previously held that the PLO and PA both qualify as unincorporated associations under Rule 4(h)(1) of the Federal Rules of Civil Procedure. *See Klieman II* at 113.Accordingly, the PLO and PA may be served with process under Rule 4(h)(1) of the Federal Rules of Civil Procedure"by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."FED.R.CIV.P. 4(h)(1); *see Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C.Cir.2002)."Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service."*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (internal quotations and citations omitted); *see Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 153 F.Supp.2d 76, 90 (D.R.I.2001). In *Ungar*, the district court found that the Chief Representative of the PLO in the United States, whose biography identified him as the chief representative of both the PLO and the PA in the United States and who spoke on behalf of both the PLO and the PA more than once, qualified as a "general or managing agent of the PLO and the PA."*Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 153 F.Supp.2d at 90. The *Ungar* court determined that it was "fair, reasonable and just to imply his authority to accept service on behalf of the PLO and the PA, notwithstanding his assertions to the contrary."*Id.* at 91.

*5 Plaintiffs in this case assert that they have accomplished service of process on the PA and the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)  
(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)

Page 5

PLO under Rule 4(h)(1) by serving Afif Emile Safieh (the person in the same position as that considered in *Ungar*) at his residence in Washington, D.C. *See* Opp. at 4, 10.[FN5] Plaintiffs filed six Affidavits of Process Server and submitted printed pages of the official PLO Mission website in support of this contention. *See* Opp., Ex. B at 15-20; Opp., Ex. C at 22-27. Defendants concede that Mr. Safieh is the head of the PLO Mission and that he "is authorized to receive service of process in matters concerning the PLO."Mot. at 5. As in *Ungar*, where the court concluded that the chief representative of the PLO in the United States qualified as a general or managing agent of the PLO and the PA, Mr. Safieh, the current head of the PLO Mission in Washington, D.C., which claims to be the "official voice of Palestine in Washington," also qualifies as a general or managing agent of the PLO and the PA. Thus, the Court concludes that plaintiffs have shown proper service of process and that it has personal jurisdiction over the PA and the PLO. *See Estates of Ungar ex rel. Strachman v. Palestinian Authority,* 153 F.Supp.2d at 90.

> FN5. The Court notes that plaintiffs also served the PA and PLO with process pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rules 4(c)(3) and 4(h) of the D.C. Rules of Civil Procedure. The Court need not address this method of service here because it concludes that service of process upon the PA and the PLO under Rule 4(h)(1) was sufficient.

3. Fatah, Al Aqsa, Tanzim and Force 17

Plaintiffs assert that they have properly served all six of the named organizational defendants as a single, unincorporated association under Rules 4(h)(1) and Rule 4(e)(1) of the Federal Rules of Civil Procedure and under Rules 4(c)(3) and 4(h) of the D.C. Rules of Civil Procedure. *See* Opp. at 6, 12. Although plaintiffs aver that the six organizational defendants qualify as a single, unincorporated association, the Court notes that plaintiffs did not sue one single unincorporated association.

Plaintiffs instead named six separate organizational defendants in their complaint. The organizational defendants individually named in the complaint must be individually served with process.

Plaintiffs attempted to effect service according to Rule 4(c)(3) of the D.C. Rules of Civil Procedure by mailing to the PLO Mission copies of the summons and complaint that were individually addressed to each of the organizational defendants. The certified mail return receipts indicate that the individual letters addressed to Fatah, Al Aqsa, Tanzim and Force 17 included the words "c/o Palestinian Liberation Organization" in the address. *See* Opp., Ex. A at 8-13. The PLO Mission, however, is not a proper mailing address for any of these four organizations.

Plaintiffs also attempted to effect service by serving Mr. Safieh on behalf of each of the six named organizational defendants. The Affidavits of Process Server indicate that when the process server informed Mr. Safieh that he (the process server) had summons and complaint for all six organizational defendants, Mr. Safieh, according to the process server, "stated that he was authorized to accept them and took them in hand."Opp., Ex. B at 15-20. As noted above, Mr. Safieh flatly denies that he said this. *See* Defs' Supp., Ex. A (Declaration of Afif Safieh) ¶¶ 12, 13 ("I never told the man who served me with the papers that I was authorized to accept the papers"; "I do not represent or serve as an agent for AAMB, Fatah, Force 17, or Tanzim."). Plaintiffs also have not shown that Mr. Safieh qualifies as a general or managing agent of any of these four organizations, or that he holds himself out as such. *Cf. supra* at 8-9.

*6 Plaintiffs have not satisfied their burden to show that they properly served each of these four defendants. Because plaintiffs did not send copies of the summons and complaint directly to each organizational defendant and did not personally serve an agent for each defendant, service of process was not perfected with regard to defendants Fatah, Al Aqsa, Tanzim and Force 17. Accordingly, the Court will

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)
(Cite as: --- F.Supp.2d ----, 2008 WL 1776697)

Page 6

dismiss without prejudice defendants Fatah, Al Aqsa, Tanzim and Force 17 from this case.[FN6]

> FN6. In light of this conclusion, the Court need not consider whether Fatah, Al Aqsa, Tanzim and Force 17 have sufficient minimum contacts with the United States to be haled into Court here-but at least with respect to some of these organizations, the Court doubts very much that plaintiffs would be able to establish that they do.

For the foregoing reasons, the Court concludes that the PA and the PLO have been properly served, in accordance with the Court's Opinion in *Klieman II,* but that the individual defendants and Fatah, Al Aqsa, Tanzim and Force 17 have not been properly served. An Order accompanying this Opinion will issue this same day.

SO ORDERED.

D.D.C.,2008.
Estate of Klieman v. Palestinian Authority
--- F.Supp.2d ----, 2008 WL 1776697 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| PALESTINIAN AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants Palestinian National Authority ("PA") and Palestinian Liberation Organization ("PLO")'s motion for reconsideration of the Court's December 29, 2006 Order with respect to the Court's finding of personal jurisdiction over each of those entities.

Motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides for relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations are committed to the sound discretion of the trial court. See UMWA 1974 Pension Trust, 793 F. Supp. 339, 345 (D.D.C. 1992); see also Bean v. Soberano, Civil Action No. 04-1713, 2008 WL 239833, * 1 (D.D.C. Jan. 24, 2008); Bynum v. MVM, Inc., Civil Action No. 04-0259, 2007 U.S. Dist. LEXIS 19120, *1-2 (D.D.C. March 20, 2007); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

not end the action as to any of the claims or parties and may be revised at any time before the judgment adjudicating all the claims and all the parties' rights and liabilities.").

While this Court has discretion to reconsider interlocutory orders, "the Supreme Court has admonished that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." In re Vitamins Antitrust Litigation, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *17-18 (D.D.C. July 28, 2000) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)) (additional internal citation and quotation omitted). In light of the need for finality in judicial decision-making, the Court therefore generally should grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." In re Vitamins Antitrust Litigation, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *18 (internal quotation omitted). A motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." State of New York v. United States of America, 880 F. Supp. 37, 38 (D.D.C. 1995) (three judge panel) (""[A] motion to reconsider must establish more than simply the defendant's continued belief that the Court's decision was erroneous."). Instead, a motion for reconsideration should be granted only if the moving party "presents new facts or a clear error of law which compel[s] a change in the court's ruling." Id. at 39.

Defendants disagree with this Court's Opinion, as well as with the two of the decisions on which this Court relied. See Klieman v. Palestinian Authority, 467 F. Supp. 2d 107 (D.D.C. 2006) (citing Biton v. Palestinian Authority, 310 F.Supp.2d 172, 179 (D.D.C. 2004) and

2

Ungar v. Palestinian Authority, 153 F. Supp. 2d 76, 95 (D.R.I. 2001)). The Court, however, declines to exercise its discretion to reconsider its previous ruling on this subject, largely for the reasons plaintiffs set out in their brief in opposition to the motion, and based on the reasoning of Biton and Unger coupled with the current facts before this Court. More specifically, the Court remains comfortable with its earlier conclusion that the plaintiffs have demonstrated that agents of the PLO and of the PA have engaged in sufficient relevant activities, including activities in the United States such as speechmaking and participation in other public appearances, to show that these two defendants have the requisite minimum contacts with the United States, and that the exercise of personal jurisdiction over each of them comports with "traditional notions of fair play and substantial justice." Accordingly, it is hereby

ORDERED that the motion for reconsideration [77] is DENIED; and it is

FURTHER ORDERED that there will be a status conference on May 15, 2008 at 9:15 a.m.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 24, 2008