**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Estate of Mark Parsons, *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-01847(JR) |
|  | ) |
| The Palestinian Authority, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO COMPEL**
**INTERROGATORY ANSWERS**

COME NOW Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by and through counsel, and pursuant to Fed. R. Civ. P. 7, 37(a) and LCvR 7, and submit the following Motion to Compel Interrogatory Answers and state as follows:

1.      On December 16, 2009, Defendants served their First Set of Interrogatories on Plaintiffs.

2.      By agreement of the parties, Plaintiffs served objections and responses to Defendants' First Set of Interrogatories on February 17, 2009.

3.      Plaintiffs' responses to Defendants' First Set of Interrogatories are deficient in a number of respects.

4.      Specifically, Plaintiffs refused to provide any substantive answers to Defendants' interrogatories Nos. 5, 6, 8, 10, 12-13, and 17-18, and objected to such interrogatories as premature "contention" interrogatories. In later correspondence, Plaintiffs indicated they would not respond to these interrogatories until sixty (60) days after the close of discovery.

5.    Plaintiffs waived their right to seek to postpone answering to these interrogatories by failing to affirmatively seek a protective order from the Court.

6.    The interrogatories at issue seek the factual basis for a number of allegations made by Plaintiffs in their Complaint, and should be answered by Plaintiffs at this time.

For these reasons, and those set forth in Defendants' accompanying Memorandum in Support, Defendants respectfully request that the Court GRANT their motion and compel Plaintiffs to answer interrogatories Nos. 5, 6, 8, 10, 12-13, and 17-18 of Defendants' First Set of Interrogatories.

## LOCAL RULE 7(m) CERTIFICATION

Defendants certify that, pursuant to LCvR 7(m), the parties met and conferred in person on March 9 and 16, 2009, and exchanged further correspondence regarding this issue, but were unable to resolve their dispute.  Plaintiffs oppose this motion.

Dated:  October 23, 2009

Respectfully submitted,

/s/ Matthew T. Reinhard
Mark J. Rochon (#376042)
Laura G. Ferguson (#433648)
Matthew T. Reinhard (#474941)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W. Suite 900
Washington, DC 20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)
Email: mreinhard@milchev.com
*Attorneys for Defendants the Palestinian Authority and the Palestine Liberation Organization*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Estate of Mark Parsons, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 07-01847(JR) |
| v. | ) | |
| | ) | |
| The Palestinian Authority, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL**

Plaintiffs allege that Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively, "Defendants") engaged in, or conspired to engage in, acts of international terrorism resulting in the death of Mark Parsons and seek to impose civil liability on Defendants pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333. Despite the gravity of these allegations, Plaintiffs refuse to answer interrogatories seeking identification of the most basic facts Plaintiffs rely upon in prosecuting these claims.

As of the date of this filing, and in response to Plaintiffs' requests for production of documents, Defendants have produced over 1,000 pages of written discovery (including documents relating to Defendants' own investigation into the death of Mr. Parsons), sought, obtained, and produced to Plaintiffs discovery from third parties, answered Plaintiffs' interrogatories (including identifying individual members of the Palestinian team investigating the attack in question) and currently have pending before the Court a motion seeking the issuance of Letters of Request to the Israeli courts authority pursuant to the Hague Convention, which would, if granted, allow Defendants to depose two Israeli citizens identified by Plaintiffs

as having knowledge regarding the allegations in the complaint. Plaintiffs, by contrast, have not noticed a single deposition.

Plaintiffs' discovery "strategy" seems to be one of avoidance. Meanwhile, Defendants are left to defend themselves against charges that have no basis, incurring substantial costs and consuming substantial resources. Thus, the Defendants find themselves in the position of having to seek an Order from this Court compelling the Plaintiffs to produce the most rudimentary fact discovery and therefore submit the following Memorandum in Support of their Motion to Compel answers to interrogatories nos. 5, 6, 8, 10, 12-13, and 17-18 of Defendants' First Set of Interrogatories.

## Background

In its September 30, 2008, Order denying Defendants' motion to dismiss, the Court acknowledged that "[t]he complaint is concededly sparse," but nonetheless concluded that the complaint "makes allegations that, if true, would comprise the elements of Plaintiffs' claims." Dkt. No. 14 at 7. Thereafter, in an effort to further understand the factual basis for Plaintiffs' allegations, Defendants served their First Set of Interrogatories. Eight of the interrogatories sought specific factual information underpinning Plaintiffs' allegations. Plaintiffs object to these interrogatories primarily on the ground that they are "premature" contention interrogatories, and maintain that their obligation to answer should be postponed until sixty (60) days after the close of discovery. Defendants disagree.

The parties engaged in "meet and confer" conferences in person on March 9 and March 16 and by telephone on May 12 to address the outstanding discovery disputes. Although the parties succeeded in resolving a number of discovery disputes, they were unable to agree on whether Plaintiffs are entitled to defer answering the interrogatories seeking the factual basis for

core allegations in the complaint (interrogatory nos. 5, 6, 8, 10, 12, 13, 17, and 18 of Defendants'
First Set of Interrogatories).

## Summary of Argument

There is no basis upon which to permit Plaintiffs to continue to avoid answering the
interrogatories at issue until after the close of discovery.  First, Plaintiffs effectively waived their
right to defer answering the interrogatories by failing to seek a protective order from the Court
and inappropriately shifting the burden to Defendants to seek an Order compelling answers.
Second, given that the interrogatories seek core factual information supporting Plaintiffs'
complaint, facts presumably possessed by Plaintiffs or their counsel at the time the complaint
was filed given the requirements of Fed. R. Civ. P. 11, there is no basis upon which Plaintiffs can
reasonably seek to defer answering these interrogatories.  Accordingly, Defendants move for an
order compelling Plaintiffs to answer these interrogatories within 14 days of the Court's Order
granting this motion.  *See* Fed. R. Civ. P. 33(a)(3)(B)(iii) (If a party to whom an interrogatory
was propounded fails to answer, the discovering party may move for an order compelling an
answer.).  *Accord Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).

## The Interrogatories and Objections at Issue

Pursuant to LCvR 5.2(b), Defendants reproduce below the interrogatories at issue, served
by Defendants on December 16, 2008, as part of their First Set of Interrogatories:

## INTERROGATORY NO. 5:

*State the factual basis[1] for your contention in paragraph 11 of the Complaint that "[a]t
all times relevant hereto, Defendants PA and PLO through the Palestinian Preventative Security*

---

[1] The General Definitions accompanying Defendants' First Set of Interrogatories stated: "With respect to
any topic, contention, allegation, subject, or issue referenced or listed in a discovery request, 'state the
factual basis' shall mean, and require you to:  (a) state all facts relating to the topic, contention, allegation,
subject, or issue; (b) identify all persons who you know or believe have knowledge or information
relating to the topic, contention, allegation, subject, or issue; (c) identify all sources of information

(footnote continued on next page)

3

*apparatus, maintained in the Gaza Strip and elsewhere, factories and workshops established for the sole purpose to produce hundreds of mortar bombs, explosive charges, rifle grenade launchers, rockets and other weapons and instrumentalities of terrorism."*

*[A fully responsive answer should include, without limitation, the following: (a) the location of any such factories and workshops; (b) the identity of any Defendants' employees or agents who worked at or supported such factories or workshops; and (c) the identity of all documents supporting your contention.]*

## INTERROGATORY NO. 6:

*State the factual basis for your contention in paragraph 13 of the Complaint that "arms produced by the Palestinian Preventive Security apparatus were distributed in an ongoing and generous manner to the various terrorist organizations."*

*[A fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time, and place) of any such distribution; (b) the identity of the persons distributing and receiving such arms; ( c) the capacity in which the person distributing such arms was acting at the time of the distribution; (d) the identity of all persons with knowledge of such distribution; (e) the identity of all persons who you know or believe have knowledge or information relating to the distribution; and (f) the identity of all documents that relate to the contention.]*

## INTERROGATORY NO. 8:

*State the factual basis for your contention in paragraph 16 of the Complaint that the "bomb used in the terrorist attack which killed Mark Parsons was made at and by Palestinian Preventive Security apparatus in one of their Gaza Strip factories and was provided to the Terrorists by the defendants PA and PLO, through the Palestinian Preventive Security apparatus."*

*[A fully responsive answer should include, without limitation, the following: (a) the location of the bomb factory where the bomb was produced; (b) the identities of the persons or groups to whom the bomb was provided; (c) the identity of the employees or agents of Defendants who allegedly provided the bomb to any third party; (d) the identity of all persons within the "Palestinian Preventive Security apparatus" who were involved in making the bomb; and (e) the identity of all documents that relate to the contention.]*

---

(footnote continued from previous page)
relating to the topic, contention, allegation, subject, or issue; (d) identify all communications relating to the topic, contention, allegation, subject, or issue; and (e) identify all documents relating to the topic, contention, allegation, subject, or issue."

**INTERROGATORY NO. 10:**

State the factual basis for your contention in paragraph 18 that "agents of the Defendants . . . conspired, planned and made preparations to (a) manufacture and distribute bombs to be used in terrorist attacks, and (b) to carry out a road-side bombing attack on the vehicle caravan, including their American security detail, that was carrying U.S. diplomats in the Gaza Strip."

[A fully responsive answer to this Interrogatory should include, without limitation: (a) the circumstances (i.e., date, time, and place) of any meetings of agents of the Defendants where any alleged conspiring, planning, or preparations took place; (b) the identity of all persons at any such meetings or who otherwise participated in the alleged conspiracy, plans, or preparations; (c) any discussions, statements, or utterances made at such meetings; (d) the identity of all persons who were present at such meetings, whether or not such persons were active in the alleged conspiracy, preparations, or plans; (e) the identity of all persons who you know or believe have knowledge or information relating to the alleged conspiracy, preparations, or plans; and (f) the identity of all documents supporting your contention.]

**INTERROGATORY NO. 12:**

State the factual basis for your contention in paragraph 23 of the Complaint that officials, employees and agents of the Defendants acted "within the scope and course of their employment and agency, pursuant to authorization and instructions of Defendants" to provide terrorist organizations with "weapons, instrumentalities, permission, training, and funding for their terrorist activities" or provided "terrorists with safe haven and a base of operations."

[A fully responsive answer to this Interrogatory should include, without limitation: ( a) the names of any individual officials, employees, or agents of the Defendants who you contend provided such support to terrorists; (b) the precise type of support provided; (c) the date such support was provided; (d) the location of such support; (e) the identity of any other persons who were aware of such support; and (f) the identify of all documents supporting your contention.]

**INTERROGATORY NO. 13:**

State the factual basis for your contention in paragraph 28 of the Complaint that the acts and omissions complained of in the Complaint were committed "by and through" officials, employees, and agents of Defendants "acting within the scope and course of their employment and agency, with the authorization and ratification, and pursuant to the Instructions of Defendants."
[A fully responsive answer to this Interrogatory should include, without limitation (a) the names of all individual officials, agents, or employees of Defendants who committed the acts or omissions complained of; (b) the individual acts or omissions committed by each individual official, agent, or employee of Defendants; (c) the precise language of any instructions given by Defendants to any official, employee, or agent to undertake the acts or omissions complained of; (d) the date of any such instructions; (e) the identity of all individuals who were aware of any such instructions; and (f) the identity of all documents supporting your contention.]

**INTERROGATORY NO. 17:**

   *Identify each act by the Defendants, or their agents or officials or employees acting in their official capacity, that you contend in paragraph 36 constitutes conspiring to aid and abet or actual aiding and abetting of acts of international terrorism.*

**INTERROGATORY NO. 18:**

   *State the factual basis for your contention in paragraph 43 of the Complaint that "but for the actions of the [Defendants] and bomb-making factory of the Palestinian Security Services apparatus, the terrorist acts which killed Mark Parsons would have been substantially more difficult to implement or would not have occurred."*

   Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories, served

on February 17, 2009, included the following General Objection:

   *A. Plaintiffs object to responding to Defendant's Interrogatories as being premature to the extent they are contention interrogatories. While such interrogatories are generally permitted, the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of particular need. Everett v. U.S. Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995); see also generally In re Covergent Technologies Security Litig., 108 F.R.D. 328, 338 (N.D. Cal. 1985); see also Manual for Complex Litigation, 3d § 21.33 at 62 (2000) (Contention interrogatories may serve a useful purpose in narrowing issues for trial "especially when served after adequate opportunity for relevant discovery."). Plaintiffs have not completed any discovery with Defendants. Therefore, Plaintiffs will not be in a position to offer full and useful answers to contention interrogatories until Defendants produce[] responsive documents to Plaintiffs' requests and Plaintiffs are able to take and complete various depositions of the Defendants' agents and representatives. Responding to contention interrogatories at this stage of the litigation poses an undue burden on Plaintiffs, who will be forced to answer the Interrogatories a second time after discovery is complete. Defendants will not be prejudiced by any delay because they have full access to information about their own behavior.*

   Furthermore, with respect to each of the interrogatories at issue, Plaintiffs provided the

following identical, boilerplate, objection:

   *Plaintiffs object to this Interrogatory as unduly vague and overbroad and on the basis of General Objection A as a premature contention interrogatory. Plaintiffs also object to this Interrogatory to the extent that it calls for a legal conclusion. Plaintiffs further object to this Interrogatory to the extent it seeks investigatory materials protected by the attorney work product doctrine.*

   Plaintiffs provided no further answer to these interrogatories.

6

Following the "meet and confer" conferences, Plaintiffs' counsel stated Plaintiffs' position regarding the eight interrogatories at issue as follows: "Following the taking of depositions and other discovery, Plaintiffs will be prepared to fully set forth their responses to Defendants' contention interrogatories." *See* August 3, 2009, correspondence from R. Heideman to M. Reinhard at 2, attached hereto as Exhibit 1. Plaintiffs' counsel proposed that Plaintiffs answer the "contention interrogatories within sixty (60) days of such close of discovery and that Defendants defer going to the Court on this issue until after it receives Plaintiffs [*sic*] responses at that time." *Id.*[2] Defendants later indicated to Plaintiffs that they believed the parties were at an impasse regarding these interrogatories, and that the matter was ripe for resolution by the Court. *See* August 5, 2009, Correspondence from M. Reinhard to R. Heideman, attached hereto as Ex 2. Plaintiffs never indicated any disagreement with this assessment.

Defendants reject Plaintiffs' invitation to await substantive answers to their interrogatories until after the close of discovery and ask that the Court compel Plaintiffs to provide substantive answers at this time.

## ARGUMENT

I.    **Plaintiffs Are Not Entitled to Unilaterally Defer Answering Contention Interrogatories and, By Failing to File a Motion for a Protective Order, Have Waived Their Right to Seek a Deferral.**

As an initial matter, regardless of the substance of the interrogatories, Plaintiffs waived their right to seek deferred answers by not seeking a protective order.

---

2 Thus, although Plaintiffs initially objected to answering the eight interrogatories on the ground that they were "vague and overbroad," call for a legal conclusion, and seek "investigatory materials protected by the work product doctrine," Plaintiffs have subsequently clarified that they do not object to answering the interrogatories, but rather object to answering them before the close of discovery. The issue before the Court is therefore one of timing.

Contention interrogatories, *i.e.*, those interrogatories that inquire into an opinion or contention that relates to fact or the application of law to fact, are a permissible form of written discovery. Indeed, Federal Rules of Civil Procedure ("Rule") 33(a)(2) explicitly provides: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Moreover, "a contention interrogatory should be treated in the same manner as any other interrogatory, with the burden on the party opposing discovery to show why it cannot answer." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 3302[2][b] (3d ed. 2009).

The Plaintiffs have not provided substantive answers to the eight interrogatories at issue. Plaintiffs' position is that the interrogatories are "premature" contention interrogatories, and that they will provide substantive answers sixty (60) days after the close of discovery.[3]   Plaintiffs rely on a provision in Rule 33(a)(2), under which "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

Rule 33(a)(2), however, does not create an automatic right to defer answers to contention interrogatories at a party's own election. Rather, it gives the district court discretion to grant a deferral when appropriate. *See* Fed. R. Civ. P. 33 Advisory Committee Notes to 1970 Amendments ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer."). *See also Natural*

---

[3] The deadline for completing fact discovery currently is November 10, 2009. Given that Plaintiffs have yet to serve any deposition notices or respond to any of Defendants' discovery responses and objections, it is likely Plaintiffs will seek some sort of extension of the fact discovery deadline. *See also* Dkt. No. 22 at 1 (Consent Motion to Bifurcate Discovery) (discussing expectation that discovery deadline will be extended).

*Resources Defense Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) ("[W]hile a court has discretion to postpone answers to contention interrogatories until some other point in the discovery process, plaintiffs provide me with no reason to exercise my discretion to do so now. [Defendant] is therefore entitled to the discovery it seeks now rather than later.").

If Plaintiffs wanted to defer answering these interrogatories, they should have sought relief from the Court instead of unilaterally declaring themselves entitled to such relief. In *Huthnance v. District of Columbia*, 255 F.R.D. 297, 298-299 (D.D.C. 2008), Magistrate Judge Facciola found that, even assuming the defendants' interrogatories could be deemed contention interrogatories, and that answers could appropriately be deferred until the close of discovery, "this does not absolve plaintiff of her responsibility to reply to them in a timely fashion." Rather, "[p]laintiff should have responded to defendants' interrogatories to the best of her ability at the time they were propounded. Alternatively, plaintiff should have sought relief from the court in the form of a protective order, seeking to delay her responses until other events had transpired." *Id.* at 299. Therefore, in *Huthance*, the court ruled that plaintiff's options were either (1) timely answer the interrogatories to the best of her ability, or (2) file a motion for a protective order. *Id.* The approach taken by plaintiff, whereby she "*sua sponte* granted herself an extension of time within which to answer them," was not authorized by the Rule. *Id.* Granting the defendants' motion to compel, the court concluded: "[plaintiff] must answer the interrogatories." *Id.* at 300.

Such is precisely the case here. Unwilling to timely answer Defendants' interrogatories, Plaintiffs *sua sponte* sought an extension of time until after the close of discovery, inappropriately shifting the burden to the Defendants to seek an order compelling answers. Even were Plaintiffs otherwise entitled to an order postponing their answers, their failure to proactively seek such relief effectively waives their right to now seek the Court's intercession by

opposing Defendants' motion to compel.  Thus, Plaintiffs must answer the interrogatories and

provide the information they have to date, with the understanding that Rule 26(e) allows them to

amend or supplement their answers as they obtain additional information.  *See* 7 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE § 3302[2][b] (3d ed. 2009) ("a party may provide

answers based on information it has to date, and amend or supplement its answers at a later date

pursuant to Rule 26(e)").

## II.    Even If Plaintiffs Had Properly Sought a Protective Order, There is No Basis for Deferring Answers to Defendants' Interrogatories Seeking the Factual Underpinnings of Allegations Made in Their Complaint.

It is true that contention interrogatories "are often reserved for use at the end of discovery

in order to crystallize the issues to be presented to the court, either on dispositive motion or at

trial." *Cornell Research Found. v. Hewlett Packard Co.*, 223 F.R.D. 55, 66 (N.D.N.Y 2003); *see*

*also Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (ruling that the obligation to

respond to contention interrogatories is "often postponed until near the end of the discovery

period unless the proponent carries its burden of demonstrating why they are necessary earlier

on").  However, the "rationale generally offered in support of this approach is the unfairness of

requiring a party to prematurely articulate theories which have not yet been fully developed,

without the benefit of pretrial discovery." *Cornell Research Found.*, 223 F.R.D. at 66.  But,

where, as here, the contention interrogatory seeks the "Rule 11 basis" for a pleading, would

otherwise serve to limit discovery or lead to a more efficient resolution of the litigation, or seeks

information subject to disclosure under Rule 26(a)(1), deferral is not warranted.

### A.    Plaintiffs Cannot Defer Providing the Rule 11 Basis for Their Complaint

Federal Rule of Civil Procedure 11(b)(3), provides that factual contentions in a pleading

to the court must have "evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery."
Defendants are not required to wait until the end of the discovery process to know the "Rule 11
basis" for the allegations in the complaint.  As the court noted in *Continental Illinois Nat'l Bank*
*& Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991), "[t]he defendant is entitled to know
the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to
support those allegations."

> If a defendant, either as to the complaint, a counterclaim, a cross-claim or
> a third party claim, is not plainly and specifically (and he rarely is under
> notice pleading) informed by the allegations in the pleadings lodged
> against him, he must be allowed to require the accusing party to set forth,
> with particularity, what he is accused of doing, not doing, or both. That is
> one of the purposes of discovery.

*Id.* at 688-89.  Continuing, the court held that interrogatories "directed at complaints, answers,
replies or other basic pleadings . . . to discover the detail factual basis for a particular allegation
or alleged cause of action, or to test whether there is any factual basis at all for a particular
allegation or alleged cause of action, are entirely proper and appropriate." *Id.* at 689.

    The interrogatories at issue here seek to discover the basic factual underpinnings of
Plaintiffs' core allegations.  Specifically, the interrogatories seek discovery of the factual
information supporting Plaintiffs' allegations, that:

- Defendants maintained "bomb factories" (Interrogatory No. 5, Complaint ¶ 11);

- Defendants distributed weapons to terrorists (Interrogatory No. 6, Complaint ¶ 13);

- Defendants made and provided to unidentified terrorists the bomb that killed Mark Parsons (Interrogatory No. 8, Complaint ¶ 16);

- Defendants or their agents conspired to produce and plant the bomb that killed Mark Parsons (Interrogatory No. 10, Complaint ¶ 18);

- Defendants' employees, agents and officials acted within the scope of their employment or agency to provide terrorists with weapons and safe haven (Interrogatory No.12, Complaint ¶ 23);

- The acts "complained of in the Complaint" were committed by persons acting within the scope of their employment or agency relationship with Defendants and at Defendants instructions (Interrogatory No. 13, Complaint ¶ 28);

- Defendants' or their agents and employees conspired to aid and abet or did aid and abet acts of international terrorism (Interrogatory No. 17, Complaint ¶ 36); and

- "But-for" the actions of the Defendants, the attack that killed Mr. Parsons would have been more difficult to implement or would not have occurred (Interrogatory No. 18, Complaint ¶ 43).

While Plaintiffs are entitled to make allegations that "*if specifically so identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3) (emphasis added), only one of the factual contentions related to the interrogatories at issue is specifically identified as made on "information and belief." *See* Complaint ¶ 16, Interrogatory No. 8.  With respect to all of the other allegations that are the subject of the interrogatories at issue (Complaint ¶¶ 11, 13, 18, 23, 28, 36, and 43), the complaint makes no such qualification.  Plaintiffs, therefore, must have had evidentiary support for those allegations at the time the complaint was filed, without the need for further discovery, and Defendants are entitled to know what that evidentiary support is.

That Plaintiffs may later, pursuant to Fed. R. Civ. P. 26(e), supplement such answers with additional information gleaned through discovery is of no moment.  Defendants are reasonably entitled to know, at this stage of the proceedings, the factual basis upon which Plaintiffs rely in continuing to prosecute a case that alleges Defendants are international terrorists.  In *Firetrace USA, LLC v. Jesclard*, No. 07-2001-PHX-ROS, 2009 U.S. Dist. LEXIS 2972, *8 (D. Ariz. Jan. 9, 2009), the court required "Defendants to respond to the second interrogatory with whatever

Rule 11 basis they had relied upon when they submitted their pleading, as well as any additional presently-known facts." The court further ruled that: "If Defendants cannot identify a non-frivolous basis for asserting their affirmative defenses, their Answer to Plaintiffs' complaint violated Rule 11, and those affirmative defenses will be waived." *Id.* at *8. *See also Nat'l Acad. of Recording Arts & Scis. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Ca. 2009) ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure") (internal quotations and citations omitted); *In Re One Bancorp Securities Litigation*, 134 F.R.D. 4, 8 (D. Me. 1991) (same). Similarly, Defendants are entitled to know what, if any, actual facts support Plaintiffs allegations, either at the time the complaint was filed or now.

Even with respect to the allegations in Complaint ¶ 16, which is the subject of Interrogatory No. 8 and was made on "information and belief," Plaintiffs have had ample opportunity for reasonable investigation and discovery. *See* Fed. R. Civ. P. 11(b)(3). The bombing at issue occurred over six years ago, was the subject of an FBI and CIA investigation, and is the subject of related litigation to which Plaintiffs are parties. *See Litle v. Arab Bank*, No. 1:04-cv-05449-NG-VVP (E.D.N.Y.) (filed December 15, 2004); *Linde et al. v. Arab Bank*, No. 1:04-cv-2799-NG-ASC (E.D.N.Y.) (First Amended Complaint filed August 10, 2004). Furthermore, and with equal applicability to all the interrogatories at issue, Plaintiffs have had the advantage and opportunity to review significant amounts of written discovery (including documents relating to Defendants' own investigation into the death of Mr. Parsons) produced by Defendants, as well as Defendants' answers to Plaintiffs' interrogatories. It is reasonable to expect that, at least by this point, Plaintiffs can provide Defendants the basic factual underpinnings of their allegations.

**B.    Establishing Whether Plaintiffs Have Evidentiary Support for the Allegations in Their Complaint Will Facilitate More Meaningful Discovery and May Expose a Basis for a Rule 56 Motion.**

At bottom, "the wisdom of utilization of [] contention interrogatories, and when in the process they should be permitted, will be dependent on the circumstances of each particular case, as well as the issues implicated." *Cornell Research Found.*, 223 F.R.D. at 66.  Non-deferral of answers to contention interrogatories is particularly appropriate where "[o]btaining answers to contention interrogatories early on during the pretrial stage can expose a substantial basis for a motion under Rule 11 or Rule 56, and thus lead to an expeditious and inexpensive determination of a lawsuit, or can lead to an early settlement of a case." *King v. E.F. Hutton & Co., Inc.,* 117 F.R.D. 2, 6 n.5 (D.D.C. 1987).

Such is the case here.  As previously explained, if Plaintiffs lack factual support for their allegations, they should be required to so state, as Defendants are equally entitled to know what information Plaintiffs do *not* possess.  Indeed, a lack of factual support is, in itself, germane.  "Knowing that the responding party has no information about a particular contention …establishes a fact that may be important, the very purpose of discovery." *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20 (D.D.C. 2009).

The interrogatories at issue here are not "blanket interrogatories" seeking discovery of each and every fact relied upon by Plaintiffs, nor are they directed at ancillary facts only tangentially related to the underlying allegations.  Rather, the interrogatories are specifically targeted to discrete allegations going to the very core of Plaintiffs' complaint, and they should be answered at this time, if for no other reason than to reveal whether there is a basis for Defendants to submit a motion pursuant to Fed. R. Civ. P. 56.

14

"It is no answer for plaintiffs to assert that they will need discovery" to determine the factual underpinnings of their own allegations. *King*, 117 F.R.D. at 5. Rather, Plaintiffs should answer with whatever information they currently possess and supplement their answers pursuant to Fed. R. Civ. P. 26(e) as discovery continues. *Id.* Plaintiffs cannot contend that some unknown quantum of discovery must be completed prior to answering Defendants' interrogatories, particularly given Plaintiffs' own discovery foot-dragging.

Plaintiffs have had ample time to review the substantial discovery produced by Defendants, notice depositions, seek third-party discovery, and supplement their own discovery responses accordingly, but have chosen not to engage in any of these activities. Plaintiffs cannot reasonably argue that their responses to Defendants' core discovery must await the conclusion of discovery while simultaneously making no effort to actually conclude discovery. Indeed, the facts relied upon by Plaintiffs in making these allegations (or if there are no facts at all) could provide a substantial basis for a motion for summary judgment by Defendants, and a more expeditious conclusion of this litigation.

**C.    Plaintiffs Cannot Defer Providing Information Subject to Rule 26(a)(1).**

Finally, the interrogatories at issue sought, in part, the identification of documents and witnesses, which information is largely duplicative of the disclosure obligations of Fed. R. Civ. P. 26(a)(1). Interrogatories seeking such information are not true "contention" interrogatories and thus not subject to Rule 33(a)(2)'s deferral provisions. *See In re Grand Casinos, Inc., Securities Litigation*, 181 F.R.D. 615, 618-19 (D. Minn. 1998); *Turner v. Moen Steel Erection, Inc.*, No. 8:06CV227, 2006 U.S. Dist. LEXIS 72874 (D. Neb. Oct. 5, 2006).

To the extent information sought in the interrogatories at issue here is the identification of documents supporting Plaintiffs' factual contentions and the identification of witnesses with

knowledge regarding those contentions, *see, e.g.*, Interrogatories 6, 10, 12, and 13 and n. 1, *supra*, this sort of information is not subject to Rule 33(a)(2)'s deferral provision because it is "precisely the sort of information that is to be automatically disclosed -- so-called 'core disclosure' -- under [Rule 26(a)(1)(A) and (B)]." *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995).

In *Everett*, despite arguments that the interrogatories at issue constituted contention interrogatories, the court ordered the defendant to "respond to these interrogatories within 14 days from the date of this Order by identifying or producing the documents requested and by providing the names of persons with knowledge of the relevant facts." *Id.* As the court explained, "[h]ad the parties not stipulated to dispense with their obligations under Rule 26(a)(1), this information would have been exchanged by now." *Id.* Similarly, here, the parties' stipulation to dispense with initial disclosures under Rule 26(a)(1) does not entitle Plaintiffs to defer providing "core disclosure" until the close of discovery on the basis that the discovery requests seeking such information are "contention interrogatories."

**Conclusion**

Fairness dictates that the Court direct Plaintiffs to identify the most basic factual contentions upon which they base their allegations. It has been over one year since the Court denied Defendants' Motion to Dismiss. In that time, the Defendants, a nascent government, have been put to extraordinary burden to comply with Plaintiffs' discovery demands. Amidst the over one thousand pages of discovery provided by Defendants, are core investigation files, as to which Defendants could have considered a variety of objections to production – but did not do so. The internal investigation files of the Defendants do not reveal the basis for the claims made in the complaint, as to which the interrogatories at issue are directed. The complaint itself

certainly does not reveal the actual basis of the serious allegations made in this case. And, the Plaintiffs have not engaged in any discovery that would lead to facts upon which they base their claim. The reality is, from Defendants' standpoint, this is an unfounded complaint as to which the Defendants have had to endure extraordinary costs and interference with core governmental functions. It is long past time for Plaintiffs to show their hand, through complying with entirely proper discovery requests. If they do not now have evidence or discovery as to who committed this bombing, and they do not have evidence or discovery as to who gave the bombers to bomb, and they do not have evidence or discovery to support the allegations against the Defendants, it is long past time to so admit. Therefore, for the foregoing reasons, Defendants' Motion should be GRANTED and Plaintiffs should be compelled to provide substantive answers to interrogatory nos. 5, 6, 8, 10, 12-13, and 17-18 of Defendants' First Set of Interrogatories.

Dated: October 23, 2009

Respectfully submitted,

/s/ Matthew T. Reinhard
Mark J. Rochon (#376042)
Laura G. Ferguson (#433648)
Matthew T. Reinhard (#474941)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W. Suite 900
Washington, DC 20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)
Email: mreinhard@milchev.com
*Attorneys for Defendants the Palestinian
Authority and the Palestine Liberation
Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23d day of October, 2009, a true and genuine copy of the foregoing filed by ECF, which automatically provided service to the following:

Richard D. Heideman
Heideman Nudelman & Kalik, PC
1146 19th Street, NW
5th Floor
Washington, D.C. 20036
Rdheideman@heidemanlaw.com

Noel Jason Nudelman
Heideman Nudelman & Kalik, PC
1146 19th Street, NW
5th Floor
Washington, D.C. 20036
Njnudelman@heidemanlaw.com

Tracy Reichman Kalik
Heideman Nudelman & Kalik, PC
1146 19th Street, NW
5th Floor
Washington, D.C. 20036
Trkalik@hnklaw.com

Steven R. Perles
Edward MacAllister
Perles Law Firm, P.C.
1146 19th Street, NW
5th Floor
Washington, D.C. 20036
Sperles@perleslaw.com

/s/ Matthew T. Reinhard